NUMBER 13-02-071-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      

THOMAS P. MAHONEY,                                                             Appellant,

v.

THE STATE OF TEXAS,                                                             Appellee.
                                                                                                                                      

On appeal from the 377th District Court of Victoria County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Hinojosa, Yañez, and Garza
Opinion by Justice Yañez
 

          By four issues, appellant Thomas P. Mahoney proceeds pro se in order to challenge
his conviction for the felony offense of driving while intoxicated


 (DWI) after a jury found
him guilty on January 10, 2002.


 We affirm.
Background
          Appellant’s court appointed counsel at trial and on appeal, Keith S. Weiser, filed an
Anders brief on June 27, 2002. See Anders v. California, 386 U.S. 738, 744 (1967). 
Appellant subsequently filed a pro se brief on January 27, 2003. On September 8, 2003,
the trial court certified that this case “is not a plea-bargain case, and the defendant has the
right of appeal.” See Tex. R. App. P. 25.2(a)(2).
Analysis
          In his third issue, Mahoney contends the prosecution violated the due process
clause of the Fourteenth Amendment of the United States Constitution when it failed to
disclose material evidence that was favorable to him. See Brady v. Maryland, 373 U.S. 83,
87-88 (1963).


 He argues that the prosecution had a duty to inform him of its difficulty in
proving up his prior convictions. We disagree.
          Mahoney, apparently, believes he was entitled to information (i.e., the prosecution’s
trial strategy) that was not evidence. Nevertheless, he knew of his prior convictions, had
access to files relating to these convictions, had the opportunity to object to their
introduction, and had the convictions confirmed by his own witness. The prosecution had
no duty to give appellant information (not evidence) of which he was aware, or should have
been aware. The prosecution did not withhold evidence. Appellant’s third issue is
overruled.
          In issues one, two, and four, Mahoney contends he was denied effective assistance
from his appointed trial counsel. He argues that counsel’s performance was deficient by
failing to “conduct adequate and proper legal investigations” and “ timely move the trial
court with a motion to quash the indictment and preserve the issue.”


 We disagree.
          Strickland v. Washington, 466 U.S. 668 (1984), sets forth the standard of review for
effectiveness of counsel. See Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App.
1999). Strickland requires a two-part inquiry. Id. The defendant must first show that
counsel’s performance was deficient, in that it fell below an objective standard of
reasonableness. Id. Second, the defendant must further prove there is a reasonable
probability that but for counsel’s deficient performance, the result of the proceeding would
have been different. Id. A reasonable probability is a probability sufficient to undermine
confidence in the outcome. Id.
          The determination regarding whether a defendant received effective assistance of
counsel must be made according to the facts of each case. Id. An appellate court looks
to the totality of the representation and the particular circumstances of the case in
evaluating counsel’s effectiveness. Id.
          The appellant bears the burden of proving by a preponderance of the evidence that
counsel was ineffective. Id. at 813. There is a strong presumption that counsel’s conduct
fell within the wide range of reasonable professional assistance. Id. To defeat the
presumption of reasonable professional assistance, “any allegation of ineffectiveness must
be firmly founded in the record, and the record must affirmatively demonstrate the alleged
ineffectiveness.” McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996).
          Mahoney’s arguments are mostly predicated on erroneous interpretations of Texas
law.


 Otherwise, given the standard of review for ineffectiveness of counsel, he has not
met his burden to prove trial counsel’s representation fell below an objective standard of
reasonableness and the deficient performance prejudiced his defense. Appellant’s first,
second, and fourth issues are overruled.
          Having overruled all of appellant’s issues, we affirm the judgment of the trial court.
 
                                                                                                                      
                                                               LINDA REYNA YAÑEZ
                                                                           Justice



Do not publish. Tex. R. App. P. 47.2(b).

Opinion delivered and filed this the
29th day of January, 2004.